In re James Franklin COLBERT and Lois Jane Colbert, Debtors.

Irwing F. FAUSEK, Jr. and Jeanne S. Fausek, husband and wife, Plaintiffs,

v.

James Franklin COLBERT and Lois Jane Colbert, Defendants.

Bankruptcy No. 82–00267(N).

Complaint No. 84–0001(N).

United States Bankruptcy Court, E.D. Missouri, N.D.

May 2, 1984.

William E. Brighoff, Troy, Mo., for defendants.

Richard B. Scherrer, St. Louis, Mo., for plaintiffs.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the plaintiffs' motion to strike portions of the defendant/debtors' First Amended Counterclaim. Oral argument was presented during a pre-trial hearing on April 17, 1984, after which the Court entered certain findings and conclusions and orders, to wit:

IT IS ORDERED that plaintiffs' motion to strike Count I, paragraph 5, of the defendants' counterclaim is DENIED; and that plaintiffs' motion to strike Count II, subparagraph 7, of the defendants' counterclaim, having been submitted for further research by the Court, be determined upon the following findings and conclusions:

■ Count II, subparagraph 7, of the defendants' counterclaim provides that an alleged breach of a contract between plaintiffs and defendants caused defendants to suffer "distress and mental anguish to their detriment in the amount of fifty thousand dollars." Defendants' suggestions in opposition to plaintiffs' motion to strike states that Count II pleads a cause of action for tortious interference with contractual relations which would allow damages for mental suffering. However, a cause of action for tortious interference with contract generally lies only against third parties who are not parties to the contract. In the present case, both plaintiff and defendant are parties to the alleged contract.

Consequently, a cause of action by defendants against plaintiffs for tortious interference with contract will not lie.

■ It is well-settled that a cause of action for tortious interference with contractual relations is recognized in Missouri. *Superturf, Inc. v. Monsanto Co.*, 660 F.2d 1275, 1284 (8th Cir.1981); *City of Warrensburg v. RCA Corporation*, 550 F.Supp. 1364, 1380 (W.D.Mo.1982); *Downey, et al. v. United Weatherproofing*, 363 Mo. 852, 253 S.W.2d 976 (Mo.1953). The plaintiff carries the burden of proving the five elements necessary to establish a *prima facie* case of interference with contractual relations:

1. Existence of a contract or valid business relationship or expectancy;

2. Knowledge of the relationship or expectancy on the part of the defendant;

3. An intentional interference inducing or causing a breach of termination of the relationship or expectancy;

4. The absence of justification; and

5. Resulting damages to the party whose expectancy has been disrupted. *Superturf, supra,* at 1284; *City of Warrensburg, supra,* at 1380.

The second element strongly suggests that the defendant referred to therein is an entity other than one of the contracting entities. If it was intended that the defendant could be one of the contracting parties, the knowledge requirement would be redundant and unnecessary, because there would be no contract as required in the first element, without the knowledge of the parties.

It might be argued, however, that in the complex business relatinships which exist today, a plaintiff might prove the existence of an expectancy which should have been known by the other party; and that as the result of the other party's intentional actions, damages resulted to the plaintiff; and that, therefore, recovery might be based upon a theory of tortious interference with a business relationship. Such a theory requires a radical extension of the recognized limitations upon this right of

**510**

recovery as they exist in Missouri today. The circumstances in this case do not justify consideration of such an extension.

The Court's research indicates further that in cases involving tortious interference with contract or business relations, the factual situations have referred to recoveries from third-party strangers to the contract, who have allegedly induced a breach between the two contracting parties. *Superturf, supra; Harber v. Ohio National Life Ins. Co.*, 512 F.2d 170 (8th Cir.1975); *City of Warrensburg, supra.*

Moreover, Missouri Courts, in stating that interference with contractual relations is an actionable tort, have cited § 766 of the *Restatement of Torts*, (1939). *Downey, et al. v. United Weatherproofing, Inc., supra; State of Missouri v. National Organization for Women, Inc.*, 467 F.Supp. 289 (W.D.Mo.1979), aff'd 620 F.2d 1301 (8th Cir.1980).

Section 766 provides:

Except as stated in Section 698 (dealing with interference with a marriage contract), one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby.

In the case at bar, defendants Colbert have not alleged that a third-party stranger to the alleged contract between plaintiff and defendant has interfered with that contract. Defendant therefore fails to state a cause of action for tortious interference with contractual relations, and plaintiffs' motion to strike must be granted. The Court's refusal to recognize this cause of action does not deprive the defendants' of their ability to seek recovery based on other grounds, including those which may have arisen from the parties' relationship; therefore,

IT IS ORDERED that the plaintiff's motion to strike Count II, subparagraph 7, of the defendants' First Amended Counterclaim be and hereby is GRANTED.